ROCKLAND & ROCKPORT LIME COMPANY

*vs.*

COE-MORTIMER COMPANY.

Knox.    Opinion September 18, 1916.

*Employer and Independent Contractor.    Evidence.    Liability of employer for negligence of independent contractor.    Master and Servant. Reasonable care.    What facts or statements may be considered on the question of reasonable or due care.*

1. The owner of a dock is not an insurer of its safety; but he is bound to use reasonable care to have it reasonably safe for use by vessels which enter it by his invitation, express or implied.

2. When the owner of a dock has employed a competent dredging company to dredge his dock, and it has done so and has reported to the owner that the dock is free from rocks and safe, such representations are admissible for the owner on the question of his exercise of due care, when he is. sued for damages to a barge caused by grounding on a rock in the bottom of the dock.

3.  The owner of a dock is not liable for the negligence of an independent contractor employed by him to dredge his dock.
4.  When the question is whether a party acted prudently, and with due care, the information upon which he acted, whether true or false, is admissible on the issue of reasonable care.

Action on the case to recover damages suffered by plaintiff on account of condition of defendant's dock or landing.   Verdict for plaintiff.   Defendant filed motion for new trial and exceptions to certain rulings and instructions of presiding Justice.   Motion for new trial waived.   Exceptions sustained.

Case stated in opinion.

*A. S. Littlefield,* for plaintiff.

*Carver, Wardner & Cavanagh, and Alan L. Bird,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOOK, JJ.

SAVAGE, C. J.   Action on the case to recover damages suffered by plaintiff's Barge No. 3 by grounding at the defendant's dock, while unloading a cargo of fertilizer consigned to the defendant. The plaintiff recovered a verdict.   The defendant brings the case before us on exceptions to instructions given to the jury and to refusals to instruct.   A motion for a new trial was filed, but is now waived.

It appears from the bill of exceptions that prior to the injury to the defendant's barge, the defendant had contracted with the Eastern Dredging Company to dredge out its dock, and that the work had been completed.   There was evidence that the dredging company's general manager had told the defendant's engineer that the berth had not only been dredged to the depth required by the contract, but that it was free from all rocks and safe for barges and other craft to berth there; and that a similar statement was made by the dredging company's superintendent in charge of the work to the defendant's superintendent.   It further appears that two employees, by direction of the defendant, made a sounding of the dock after the dredging was completed, and that they discovered no rock.   As a matter of fact, there was a large rock in the dock.   And when the barge settled with the tide, it grounded upon the rock, causing the damage complained of.

The presiding Justice instructed the jury that the statements made by the representatives of the dredging company to the servants and agents of the defendant, that the berth was free from rocks and safe for barges and other craft to berth there, could not be considered by them, on the question of the defendant's exercise of due care, for the reason that a principal is liable in any event for the negligence of its servants and agents, it being assumed that the dredging company was the defendant's servant or agent.

The defendant requested the following instructions: 1. "If the defendant contracted with a reputable dredging company to dredge the dock and provide a safe place for vessels to berth at, and the company dredged the berth and represented to the defendant that the same was free from rocks and obstructions, and the defendant believed said representations were true, and used a reasonable degree of care in making soundings to verify said representations, and had no reason to believe the same untrue, the defendant is not liable in this case." 2. "If the defendant contracted with a reputable dredging company to dredge out the dock so as to be reasonably safe for vessels to discharge at, and the company did the dredging and represented to the defendant that it was dredged to the depth of ten or eleven feet at low water and was free from rocks and obstructions, and the defendant made soundings and believed the representations were true, and had no knowledge of any rocks in the bed of the dock, and no reason to believe there were any, the defendant is not liable." The first requested instruction was refused, on the ground already stated, that the dredging company was the agent or servant of the defendant. The second requested instruction was given with this qualification: "They must exercise due care. They must not rely upon the representations of anyone; they must make proper examinations." There was another requested instruction on the question of liability, which was given with qualifications; but we think it will not be necessary to consider it at this time. To the foregoing rulings, refusals and qualifications the defendant excepted.

The law of the liability of the owner or occupant of a dock, to persons invited to use it, is well settled. He is not an insurer, but he is required to exercise reasonable care to have his dock reasonably safe for use by vessels which enter it by his invitation, express

or implied, or for which he holds it out as safe.   He is liable to an invitee for an injury caused by an unsafe condition of the dock which he negligently permits to exist, if the invitee was himself in the exercise of due care.   If the owner or occupant fails to use reasonable care, and if there is a defect which is known to him, or which by the exercise of reasonable, or ordinary, care should be known to him, he is liable to an invitee who, using due care, is injured thereby.   *Nickerson* v. *Tirrell*, 127 Mass., 236; *Garfield* v. *Rockland-Rockport, etc., Co.*, 184 Mass., 60; *Philadelphia, etc., R. R. Co.* v. *Philadelphia, etc., Towboat Co.*, 23 How., 209; *Smith* v. *Burnett*, 173 U. S., 430.

The plaintiff was invited to use the defendant's dock, and the test of the defendant's liability is, therefore, whether it used reasonable care and diligence, in keeping its dock reasonably safe for use by vessels.   And the precise question presented by the first exception is whether the statements of the dredging company's representatives made to the defendant's agents that the dock was free from rocks and safe for barges, were admissible, and were properly to be considered by the jury on the question of the exercise of reasonable care by the defendant.   It is not claimed that they would be admissible as evidence of the actual condition of the dock, for as to that they are within the excluding rule of hearsay testimony. It is not claimed that the fact that the defendant contracted with a reputable company for dredging its dock, and relied upon that company's representations that the dock was safe, is conclusive on the question of reasonable care.   In its first requested instruction, the defendant added to these conditions the further one that it had used a reasonable degree of care in making soundings to verify the representations, and that it had no reason to believe the same untrue.   But it is contended that the defendant might reasonably place some degree of reliance upon the representations of the dredging company, and therefore, that such representations were to be considered as having some tendency, more or less according to the circumstances, to show that it used reasonable care, and to rebut the charge of negligence.

We think the evidence was entitled to consideration upon the question of reasonable care.   It would be idle to say that men may not reasonably rely, to some extent at least, upon information

which comes to them from reputable sources, for reasonable men are doing this every day.   And when a man's actions, induced by information from others, are to be judged on the issue of reasonable care and prudence, it is necessary to know what the information was, and what was its source.   In section 1789 of Wigmore on Evidence, the author says,—"Whenever an utterance is offered to evidence the state of mind which ensued in another person in consequence of the utterance it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the hearsay rule is concerned."   Mr. Greenleaf says,—"Where the question is, whether the party acted prudently, wisely, or in good faith, the information on which he acted, whether true or false, is original and material evidence.' 1, Greenleaf on Ev., sect. 101 ; *Friend* v. *Hamill,* 34 Md., 298.   In *Shrewsbury* v. *Smith,* 12 Cush., 177, the defendants were sued for negligence in raising a dam by adding to, and building upon, the original dam.   They offered evidence that they employed fit and competent persons to examine the old dam to see if it was sufficient and suitable to build upon.   The person employed made an examination and reported that it was sufficient for the purpose.   The court said, "that the examination and *report* of persons employed by the defendants, as persons of competent skill and capacity to judge, was competent evidence. . . .   It was for the jury to judge of its weight."

The instruction that the representations made to the defendant could not be considered on the question of ordinary care was therefore erroneous.   So was the reason given for the ruling.   The relation between the defendant and the dredging company was not that of master and servant, but that of employer and independent contractor.   An employer is not ordinarily liable for the negligence of an independent contractor.   *McCarthy* v. *Second Parish,* 71 Maine, 318.   The defendant's liability must be determined by its own reasonable care, or want of it, and not by that of the dredging company.

For reasons already stated the defendant's first requested instruction should have been given.   The refusal based upon the theory that the dredging company was the defendant's agent or servant was not well grounded.

The second requested instruction should not have been given, for it was faulty, at least in that it omitted the condition that the defendant made *reasonable* soundings, in so far as soundings would be evidence of reasonable care.

It should be understood that while we regard the representation made to the defendant as competent for consideration on the question of its reasonable care, it is by no means conclusive. It is only one fact to be weighed with all the other facts. Its weight and probative effect are for the jury.

One exception remains to be considered. It relates to damages. Since some of the exceptions must be sustained and the case go back for a new trial, we shall not examine particularly the language of the instructions excepted to, but will state the contentions of the parties. The plaintiff claimed damages for loss of net earnings during the period that the barge was laid up for repairs. And as evidence of net earnings, it relied in part upon the terms of a charter party. The defendant contends that the charter party did not name "Barge No. 3" in particular, that it was in effect a contract of affreightment of from 10,000 to 15,000 gross tons of coal, which might be performed by the use of any of the defendant's barges, and that no particular barge was bound by the charter party. Accordingly it is argued that this vessel is not entitled to the benefit of the charter party as evidence of its probable net earnings in a service which in the future might have been performed by other barges, without a violation of the contract. The charter party is made a part of the bill of exceptions. It does not name Barge No. 3, nor any other vessel. The place where the name of the vessel is usually inserted is left blank. But the charter all through speaks in the singular, of one vessel. Other than this the bill of exceptions is silent on the subject. We think we are not sufficiently informed to express any opinion as to whether the charter party in this case was proper for consideration on the question of damages.

Counsel on both sides have discussed the charter party provision for demurrage, but we think both are agreed that under the circumstances of this case, demurrage does not affect the question of damages.

*Exceptions sustained.*